# IN THE COURT OF APPEALS OF IOWA

No. 18-1038
Filed March 20, 2019

**CLARENCE G. BRYANT,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

　　Appeal from the Iowa District Court for Mahaska County, Shawn Showers, Judge.

　　Clarence Bryant appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

　　Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant.

　　Thomas J. Miller, Attorney General, and Richard J. Bennett, Assistant Attorney General, for appellee State.

　　Considered by Vogel, C.J., Vaitheswaran, J., and Blane, S.J.*

　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VAITHESWARAN, Judge.**

Clarence Bryant pled guilty to four counts of third-degree sexual abuse in 2003. The district court imposed judgment and sentence. Bryant's appeal was subsequently dismissed as frivolous, and procedendo issued the same year.

Fifteen years later, Bryant filed the second of two postconviction-relief applications. He alleged in part that "two facts" showed "he could not have physically committed the alleged four . . . first degree sexual abuse charges that he was accused of." Specifically, he alleged (1) "he was diagnosed with Type II diabetes in July of 1994 resulting in erectile dysfunction so therefore it would have been physically impossible for [him] to have committed these four sexual acts" and (2) "[i]n approximately late July 1994 [he] ruptured two discs in his lower back while working at his job," making "it impossible for him to have committed the alleged abuse charges."

The State moved to dismiss the second application on the ground the statutory three-year limitations period had long since expired. *See* Iowa Code § 822.3 (2018) (requiring postconviction-relief applications to "be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued" but stating "this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period"). Bryant resisted the State's motion on the ground the claim "that his medical ailments precluded the physical element of his crime" was "a claim of actual innocence" under *Schmidt v. State*, 909 N.W.2d 778 (Iowa 2018). Bryant asked the postconviction court to determine that *Schmidt* was "a ground of

law that could not have been raised in the three-year limit." Following a non-evidentiary hearing, the district court dismissed the application. Bryant appealed.

Bryant concedes his second postconviction relief application "was due on or before August 20, 2006, unless" his claim fell within the ground of fact or law exception. He again asserts his claim is one of "actual innocence," which "was not legally viable until the decision in *Schmidt v. State* was filed in 2018." He also asserts "reasonable minds could differ on the question of whether [he] could have raised the ground of fact earlier."

If we were reviewing the merits of an actual-innocence claim, our review would be de novo. *Schmidt*, 909 N.W.2d at 795; *State v. Gonzalez*, 18-0137, 2018 WL 6130305, at *2 (Iowa Ct. App. Nov. 21, 2018). Because we are simply reviewing the court's application of section 822.3, our review is for errors of law. *Schmidt*, 909 N.W.2d at 784.

We begin and end with *Schmidt*. There, a defendant pled guilty to two crimes. *Id.* at 782–83. Years after the three-year limitations period expired, the defendant filed a postconviction-relief application alleging the victim recanted his story and the recantation amounted to new evidence. *Id.* at 783. The Iowa Supreme Court overruled precedent disallowing "defendants to attack their pleas based on extrinsic grounds when they claim actual innocence." *Id.* at 790. The court held "convicted defendants can attack their pleas when claiming actual innocence even if the attack is extrinsic to the pleas." *Id.* at 798.

The court went on to explain why the three-year limitations period set forth in section 822.3 did not foreclose Schmidt's actual-innocence claim. Applying the ground-of-fact exception, the court stated the victim's recantation "was not

available to Schmidt within the three-year period following the date of his conviction and Schmidt could not have discovered the recantation earlier than he did in the exercise of due diligence." *Id.* at 799. Accordingly, the court concluded "section 822.3 [did] not time bar Schmidt's freestanding claim of actual innocence. *Id.*

Bryant's effort to circumvent the time-bar runs head on into *Schmidt's* ground-of-fact analysis. Unlike the defendant in *Schmidt*, who discovered new facts well after the three-year limitations period expired, Bryant knew of his medical conditions almost a decade before he pled guilty. The conditions, then, were grounds of fact that could have been raised within the applicable time period, and Bryant's belated "actual-innocence" claim is barred by the three-year limitations period. As the district court stated:

> [Bryant's] medical condition at the time of his offenses is not newly discovered evidence. This is a claim that could have been raised on direct appeal or previous PCR case and was not. It is barred by the statute of limitations. Applicant's observation that the State did not have DNA evidence is not of legal significance. The State is not required to possess physical evidence to prove an individual guilty of a crime. If the victim had allegedly recanted, then, possibly, a genuine issue of material fact would exist warranting a trial on the merits. That is not the reality in this case.

We turn to Bryant's assertion that the *Schmidt* holding was a "ground of law" unavailable to him within the applicable time period. While his assertion may be correct in principle, it does not assist him. If Bryant believed his longstanding medical conditions rendered it impossible for him to commit the sex acts with which he was charged, he had all the evidence he needed to challenge the factual basis for the plea at the time of the guilty-plea proceeding. *See* Iowa R. Crim. P. 2.28(2)(b); *State v. Sisco*, 169 N.W.2d 542, 548 (Iowa 1969) (adopting the

American Bar Association standards for determining the accuracy of a plea).  He did not need the *Schmidt* opinion to advance his claim.[1]

We affirm the dismissal of Bryant's second postconviction-relief application.

**AFFIRMED.**

---

[1] At the guilty-plea proceeding, which was judicially noticed, the district court informed Bryant that Iowa Code section 702.17 (2003) defined sex act as:

> Any sexual contact between two or more persons by the penetration of the penis into the vagina or anus, contact between the mouth and genitalia, and/or by contact between the genitalia of one person and the genitalia or anus of another, contact between the finger or hand of a person and the anus or genitalia of another person except in the treatment [by] a person licensed pursuant to various chapters in the Iowa Code, and finally, by use of artificial sexual organs or substitutes therefore in contact with the genitalia or anus.

Bryant advised the court that each of the four sex acts involved "touching [the child's] genitalia with [his] genitalia."  Bryant does not explain how his medical conditions made it impossible for him to commit this type of sex act.